E-FILED
Tuesday, 13 October, 2026 12:25:44 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| RYAN TALLMAN,<br><br>Plaintiff,<br><br>v.<br><br>KANKAKEE COUNTY JEROME COUNTY JAIL,<br><br>Defendant. | ) | 26-2116 |

**MERIT REVIEW ORDER**

Plaintiff, proceeding pro se and presently detained at Jerome Combs Detention Center, was granted leave to proceed *in forma pauperis*. The case is now before the Court for a merit review of Plaintiff's claims. The Court must "screen" Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff alleges that officials at Jerome Combs Detention Center have withheld or otherwise denied access to his legal paperwork. He alleges that he was housed in a "23 and 1 setting," and that officials refused to grant his request to be housed in general population.

Plaintiff alleges that officials were "messing with his food." Plaintiff alleges these actions are in retaliation for a lawsuit he filed about Mercer County and the jail.

Plaintiff has not alleged how the lack of access to his legal paperwork prejudiced an otherwise meritorious legal claim as is required to state a First Amendment access-to-the-courts claim. *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). Plaintiff may be able to state an inhumane conditions-of-confinement claim, but his complaint lacks sufficient information about the specific conditions he was forced to endure and the duration he remained in the cell. *See Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016) (constitutionality of conditions depends on severity of the deprivation and the length of time it persisted). Plaintiff's allegations regarding his food and the alleged retaliation are too conclusory for the Court to find he states a claim.

Plaintiff has also not named a proper defendant. "Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Plaintiff must therefore identify the specific officials that caused the constitutional deprivation in question. The jail is not a "person" amenable to suit under § 1983. *See Powell v. Cook County Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993) (holding the Cook County Jail was not a person under Section 1983).

The Court finds that Plaintiff fails to state a claim upon which relief can be granted. Plaintiff's complaint is dismissed with leave to amend as directed below to permit Plaintiff the opportunity to clarify his allegations and provide any additional information he desires the Court to consider.

**Plaintiff's Motion to Request Counsel (Doc. 5)**

Plaintiff has no constitutional or statutory right to counsel in this case. In considering the Plaintiff's motion, the court asks: (1) has the indigent Plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself? *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007).

Plaintiff has not shown that he made a reasonable effort to obtain counsel on his own. A plaintiff usually does this by attaching copies of letters sent to attorneys seeking representation and copies of any responses received. Because Plaintiff has not satisfied the first prong, the Court does not address the second. *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021). Plaintiff's motion is denied with leave to renew.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have 30 days from the entry of this order to file an amended complaint. Failure to file an amended complaint will result in the dismissal of this case, with prejudice, for failure to state a claim. Plaintiff's amended complaint will replace Plaintiff's original complaint in its entirety. The amended complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.**

2) **Clerk is directed to send Plaintiff a blank complaint form.**

3) **Plaintiff's Motion [5] is DENIED with leave to renew.**

Entered this 13th day of October, 2026.

*s/Sara Darrow*
SARA DARROW
UNITED STATES DISTRICT JUDGE